## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TERRANCE EUGENE LASH, #23905-034**                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 21-0173**

**JAY ZAINEY, FEDERAL DISTRICT JUDGE**              **SECTION: "F"(1)**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

## REPORT AND RECOMMENDATION

Plaintiff, Terrance Eugene Lash, a federal prisoner, filed this *pro se* civil action against

United States District Judge Jay Zainey, the presiding judge in plaintiff's federal criminal

proceedings.  Because he filed this federal civil action *in forma pauperis*, the Court is required to

screen the case before it can proceed.  Specifically, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that ... the
> action …
>
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such
>        relief.

28 U.S.C. § 1915(e)(2)(B).

Although broadly construing the complaint,[1] the undersigned recommends that, for the

following reasons, this action be dismissed.

---

[1] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983; however, that statute does not apply to actions brought against federal officials, such as federal judges. See, e.g., Butcher v. Guthrie, 332 F. App'x 161, 162 (5th Cir. 2009). Moreover, although civil rights claims can be asserted against federal officials in a Bivens action,[2] federal judges are immune under Bivens for their judicial acts. Id. Regarding judicial immunity, the United States Fifth Circuit Court of Appeals has explained:

> Absolute judicial immunity extends to all judicial acts that are not performed in the clear absence of all jurisdiction. …
> In determining whether [a judge's] actions were "judicial in nature," [a] Court considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993).

In this lawsuit, plaintiff claims that his rights were violated when Judge Zainey failed to conduct a hearing to determine whether plaintiff's confession was voluntary[3] and when he allowed

---

[2] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[3] The United States Fifth Circuit Court of Appeals has explained:

> In Jackson v. Denno, the Supreme Court recognized that "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined." 378 U.S. 368, 380, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The court held that, when there is a factual issue about the voluntariness of a confession, the trial court must make a determination of voluntariness, including the resolution of any disputed facts. Id. at 390-91, 84 S.Ct. 1774. The Court held that it is "practical and desirable" for such a determination to be made prior to the admission of the confession and that the defendant was entitled to testify about the circumstances of the confession outside the presence of the jury. Id. at 395, 84 S.Ct. 1774. The Court subsequently held in Miranda v. Arizona that certain warnings must be given before a suspect's statement made during custodial interrogation can be admitted. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
> Two years after the Court's decision in Miranda, Congress enacted 18 U.S.C. § 3501. Section 3501(a) provides:
>
> > In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (e) hereof, shall be admissible

that confession to be used at trial.  In other words, plaintiff is attempting to sue Judge Zainey for judicial actions he took (or failed to take) while presiding over the federal criminal proceedings. Those are precisely the types of claims precluded by judicial immunity.  Moreover, in any event, a prisoner simply is not allowed to use a <u>Bivens</u> action to challenge a federal conviction in an attempt to secure his release.  <u>Stark v. Holder</u>, Civ. Action No. 3:14-CV-2920, 2014 WL 5013742, at *5 (N.D. Tex. Oct. 7, 2014), <u>appeal dismissed as frivolous</u>, 611 F. App'x 239 (5th Cir. 2015). For these reasons, this <u>Bivens</u> action must be dismissed.

That does not, of course, mean that plaintiff was without recourse.  If an individual believes that errors were committed in his federal criminal trial by the presiding judge, he can challenge the resulting conviction on both direct review (by filing an appeal) and collateral review (by filing a motion to vacate pursuant to 28 U.S.C. § 2255).  However, plaintiff has in fact already pursued both of those avenues.  He appealed, and his conviction was affirmed.  <u>United States v. Lash</u>, No. 07-30009 (5th Cir. May 12, 2008), <u>cert. denied</u>, 555 U.S. 930 (2008).  He sought relief under § 2255, and his motion was denied on the merits.  <u>United States v. Lash</u>, Crim. Action No. 03-135, 2010 WL 5437275 (E.D. La. Dec. 27, 2010). He then continued to seek various forms of relief by

---

in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

Section 3501(b) lists five factors that the trial judge shall take into account in determining the issue of voluntariness of a confession.

<u>United States v. Guanespen-Portillo</u>, 514 F.3d 393, 398 (5th Cir. 2008) (footnotes omitted).  The Fifth Circuit further noted:  "We have … held that certain circumstances create a duty on the part of the trial court to hold a hearing on the voluntariness of a confession *sua sponte*."  <u>Id.</u> at 399.  Plaintiff argues that these provisions support his claim against Judge Zainey.

filing other motions in his criminal case, without success.  See, e.g., United States v. Lash, Crim. Action No. 03-135, 2018 WL 5312664 (E.D. La. Oct. 26, 2018), certificate of appealability denied, No. 19-30160 (5th Cir. May 4, 2020).  He has even repeatedly requested and been denied authorization to file a successive § 2255 motion.  In re Lash, No. 16-30777 (5th Cir. Oct. 26, 2016); In re Lash, No. 17-30040 (5th Cir. Mar. 29, 2017); In re Lash, No. 20-30516 (5th Cir. Sept. 17, 2020); In re Lash, No. 20-30664 (5th Cir. Jan. 7, 2021).  In the most recent of those opinions, the United States Fifth Circuit Court of Appeals expressly cautioned him "that future frivolous or repetitive requests for authorization to file a successive § 2255 motion will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction."

Undeterred, he apparently has now decided to change tack, believing that it would be appropriate to attack his conviction by filing this federal civil rights action directly against Judge Zainey.  However, that is impermissible for reasons noted herein, and so a swift dismissal is appropriate and warranted.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>,

79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

 New Orleans, Louisiana, this   <u>4th</u>   day of March, 2021.


               _____
               **JANIS VAN MEERVELD**
               **UNITED STATES MAGISTRATE JUDGE**